IN RE SPECIAL DOCKET NO. 73958.

[Cite as *In re Special Docket No. 73958,*
115 Ohio St.3d 425, 2007-Ohio-5268.]

(No. 2006–1279—Submitted June 5, 2007—Decided October 11, 2007.)

O'DONNELL, J.

{¶ 1} The central issue presented for our consideration is whether the court of appeals correctly dismissed, for lack of a final, appealable order, an appeal from a finding by the trial court, rendered pursuant to R.C. 2307.93(A)(3), on the constitutionality of retroactively applying certain statutory provisions enacted by 2004 Am.Sub.H.B. No. 292. For the reasons that follow, we hold that such a finding is a provisional remedy pursuant to R.C. 2505.02(A)(3), that the order of the trial court determined the action and prevented a judgment with respect to the provisional remedy, and that the aggrieved parties will be unable to obtain a meaningful or effective remedy upon appeal from a final judgment. Therefore, the trial court rendered a final, appealable order, pursuant to R.C. 2505.02(B)(4).

{¶ 2} In 1997, the Cuyahoga County Court of Common Pleas established Special Docket No. 73958, which reflects not only the court's standing orders on issues such as pleading and discovery that apply to all pending asbestos-related personal-injury cases, but also filings and entries regarding individual and groups of asbestos litigants.

{¶ 3} During its 2003–2004 session, the General Assembly reviewed the state of asbestos litigation in Ohio and found that the number of asbestos cases pending in the Cuyahoga County Common Pleas Court had grown from approximately 12,800 in 1999 to more than 39,000, with 200 additional cases being filed every month. Am.Sub.H.B. No. 292, Section 3(A)(3)(e), 150 Ohio Laws, Part III, 3970, 3989. Based on this and on its other legislative findings regarding the economic effects of asbestos litigation and the percentage of claimants who claim exposure to asbestos but who exhibit no physical symptoms, the legislature enacted Am.Sub.H.B. No. 292, stating its intent to "(1) give priority to those asbestos claimants who can demonstrate actual physical harm or illness caused by exposure to asbestos; (2) fully preserve the rights of claimants who were exposed to asbestos to pursue compensation should those claimants become impaired in the future as a result of such exposure; (3) enhance the ability of the state's judicial systems and federal judicial systems to supervise and control litigation and asbestos-related bankruptcy proceedings; and (4) conserve the scarce resources of the defendants to allow compensation of cancer victims and others who are physically impaired by exposure to asbestos while securing the right to similar compensation for those who may suffer physical impairment in the future." Id. at Section 3(B), 150 Ohio Laws, Part III, 3991.

{¶ 4} This legislation requires claimants who file asbestos actions based on allegations of a nonmalignant condition to present a prima facie showing of an impairment that has been caused by exposure to asbestos. R.C. 2307.92(B). The legislation sets forth similar requirements for asbestos claimants who file a wrongful-death action or an action involving an individual who is a smoker and

who has lung cancer. R.C. 2307.92(C) and (D). If a claimant fails to make such a showing, then the trial court is required to administratively dismiss the action without prejudice, until the claimant can satisfy the new prima facie requirements. R.C. 2307.93(C). In addition, the requirement to present a prima facie case applies retroactively to causes of action arising before September 2, 2004, unless the trial court determines that retroactive application would be unconstitutional, in which case the statute directs the trial court to apply the law that existed before the effective date of the legislation. R.C. 2307.93(A)(3)(c). It is this latter directive that presents the issue in this case.

{¶ 5} The record reveals that appellants, Goodrich Corporation and numerous others named as defendants in approximately 39,000 asbestos-related personal-injury cases pending in the Cuyahoga County Common Pleas Court, filed motions in the trial court to administratively dismiss certain actions pending against them in which the claimants had failed to present prima facie evidence in conformity with R.C. 2307.92. In response, claimants asserted that retroactive application of the prima facie filing requirements violated the Ohio Constitution.

{¶ 6} The court then conducted a hearing on the motions and, on January 26, 2006, entered an order holding that "the retrospective application of Am.Sub.H.B. 292 is substantive rather than merely remedial in its effect and, insofar as it impairs the substantive rights of plaintiffs who filed their claims before the effective date of the statute, violates Section 28, Article II of the Ohio Constitution." The court concluded that, based on its finding of unconstitutionality, the legislation required the court to "adjudicate substantive issues in asbestos cases filed before September 2, 2004 according to the law as it existed prior to" the enactment of R.C. 2307.92.

{¶ 7} Appellants challenged this order in the Cuyahoga County Court of Appeals, arguing that retroactive application of the prima facie filing requirements of R.C. 2307.92 is constitutional; claimants then moved to dismiss the appeal for lack of a final, appealable order. In an entry filed without opinion, the appellate court summarily granted the motion and dismissed the appeal.

{¶ 8} Appellants sought discretionary review in this court, and we agreed to address their narrow proposition of law: "As mandated by R.C. 2505.02(A)(3) and (B)(4), any party to an asbestos case may immediately appeal a finding made by a trial court under R.C. 2307.93(A)(3)." Contending that the trial court's finding constitutes a "provisional remedy" as defined in R.C. 2505.02(A)(3), appellants argue that the order is presumptively final and appealable; they further assert that the order also is final and appealable because the court completely determined the provisional remedy and because, following trial, there would be no meaningful appellate review of the order in the absence of an interlocutory appeal. The claimants, on the other hand, contend that the court's order is not

final and appealable, because it is advisory in nature, does not apply to any one case, is not a provisional remedy, and does not satisfy the additional requirements of R.C. 2505.02(B)(4)(a) and (4)(b).

{¶ 9} Accordingly, the issue presented is whether the court of appeals correctly dismissed the appeal for lack of a final, appealable order.

{¶ 10} Section 3(B)(2), Article IV of the Ohio Constitution provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse *judgments or final orders* of the courts of record inferior to the court of appeals within the district * * *." (Emphasis added.) We stated recently in *Gehm v. Timberline Post & Frame,* 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, " '[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.' "

{¶ 11} At issue in this appeal is R.C. 2505.02(B), in which the General Assembly has provided:

{¶ 12} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 13} "* * *

{¶ 14} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 15} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 16} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 17} In R.C. 2505.02(A)(3), the legislature defined the term "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, *or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.*" (Emphasis added.)

{¶ 18} Consequently, we look to R.C. 2307.93(A)(3), which states:

{¶ 19} "(a) For any cause of action that arises before the effective date of this section, the provisions set forth in divisions (B), (C), and (D) of section 2307.92 of the Revised Code are to be applied unless the court that has jurisdiction over the case finds both of the following:

{¶ 20} "(i) A substantive right of a party to the case has been impaired.

{¶ 21} "(ii) That impairment is otherwise in violation of Section 28 of Article II, Ohio Constitution."

{¶ 22} This court previously addressed the finality of orders concerning provisional remedies in *State v. Muncie* (2001), 91 Ohio St.3d 440, 746 N.E.2d 1092, where we explained that "an order is a 'final order' if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding—a proceeding that the General Assembly calls a 'provisional remedy,' (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." Id. at 446, 746 N.E.2d 1092.

### Provisional remedy

{¶ 23} We first concern ourselves with whether the order entered by the trial court is a "provisional remedy," and, as we stated in *Muncie*, 91 Ohio St.3d at 447, 746 N.E.2d 1092, a "reviewing court must refer to the definition of 'provisional remedy' that the General Assembly provided."

{¶ 24} R.C. 2505.02(A)(3)(a) defines "provisional remedy" to include "a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code." R.C. 2307.93(A)(3), in turn, provides that the prima facie filing requirements set forth in R.C. 2307.92(B), (C), and (D) apply retroactively unless the court finds both (1) that retroactive application impairs a substantive right of a party and (2) that the impairment violates Section 28, Article II of the Ohio Constitution. Accordingly, a finding with respect to whether it is constitutional to retroactively apply the prima facie filing requirements of R.C. 2307.92 is a provisional remedy pursuant to R.C. 2505.02(A)(3).

{¶ 25} In this case, the trial court determined that retroactive application of the prima facie filing requirements set forth in R.C. 2307.92 "impairs the substantive rights of plaintiffs who filed their claims before the effective date of the statute [and] violates Section 28, Article II of the Ohio Constitution." The court made this finding in accordance with the analysis mandated by R.C. 2307.93(A)(3); therefore, its finding is a provisional remedy as defined by R.C. 2505.02(A)(3).

{¶ 26} Claimants contend that the trial court finding is advisory and does not specifically identify any case to which it applies. The order is not advisory, however, because the court specifically stated that it "will adjudicate substantive issues in asbestos cases filed before September 2, 2004 according to the law as it

existed prior to the [legislation's] enactment." Thus, on its face, the order applies to all relevant cases filed before the effective date of the legislation. Moreover, R.C. 2505.02(A)(3) defines "provisional remedy" as including "a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code" (emphasis added), and it does not further specify that the finding must occur in any particular case. Here, the trial court made the requisite finding pursuant to R.C. 2307.93(A)(3), thus satisfying the statutory definition of a provisional remedy.

{¶ 27} We also reject the appellants' contention that the General Assembly intended for a finding made pursuant to R.C. 2307.93(A)(3) to be presumptively final and appealable solely because it satisfies the definition of a provisional remedy set forth in R.C. 2505.02(A)(3). This argument is not well taken because it ignores R.C. 2505.02(B)(4), which specifies that an order is final and appealable when it grants or denies a provisional remedy *and* "determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy" *and* "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment." R.C. 2505.02(B)(4)(a) and (4)(b).

### Order that Determines the Action and Prevents a Judgment in Favor of the Appealing Party with Respect to the Provisional Remedy

{¶ 28} Having determined that the finding of the trial court is a provisional remedy, the next step in the analysis is to consider whether "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy." R.C. 2505.02(B)(4)(a). Our decision in *Muncie* illustrates the meaning of this statutory phrase. There, a trial court granted the state's request to forcibly administer psychotropic drugs to an offender who had been adjudicated incompetent, and the court of appeals dismissed the offender's interlocutory appeal for lack of a final, appealable order. On review, this court held that "[t]he forced medication order issued by the trial court determined the action against Muncie *with respect to [the] petition for forced medication.* * * * The order also prevented a judgment in favor of Muncie *with respect to the proceeding for forced medication* * * *." (Emphasis added.) 91 Ohio St.3d at 450–451, 746 N.E.2d 1092, citing *Swearingen v. Waste Technologies Industries* (1999), 134 Ohio App.3d 702, 713, 731 N.E.2d 1229, and *State v. Saadey* (June 30, 2000), Columbiana App. No. 99CO49, 2000 WL 1114519.

{¶ 29} As we have already acknowledged in connection with the first step of this analysis, the trial court in the instant matter ruled that, because retroactive application of the prima facie requirements in R.C. 2307.92 is unconstitutional, it "will adjudicate substantive issues in asbestos cases filed before September 2, 2004 according to the law as it existed" before the effective date of the legislation.

Thus, the court determined the action with respect to the appellants' motion to apply the prima facie filing requirements retroactively pursuant to R.C. 2307.93(A)(3), and the court's decision prevented a judgment in favor of the appellants with respect to that proceeding, and to each of the approximately 39,000 cases filed prior to September 2, 2004. Hence, the trial court's order satisfies the second step of the analysis because, per *Muncie*, " 'there was no further opportunity to petition the court for the remedy being sought,' " 91 Ohio St.3d at 451, 746 N.E.2d 1092, quoting *Swearingen*, 134 Ohio App.3d at 713, 731 N.E.2d 1229, and there existed nothing further for the trial court to decide with respect to the provisional remedy.

### *Meaningful or Effective Remedy on Appeal from a Final Judgment*

{¶ 30} The last part of the analysis requires consideration of whether the appealing party will be afforded a meaningful or effective remedy by an appeal following a final judgment as to all proceedings, issues, claims, and parties in the action. R.C. 2505.02(B)(4)(b). In *Muncie*, we stated that R.C. 2505.02(B)(4)(b) "recognizes that, in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment." Id. at 451, 746 N.E.2d 1092. As we further explained, "[i]n some instances, 'the proverbial bell cannot be unrung.' " Id., quoting *Gibson–Myers & Assoc., Inc. v. Pearce* (Oct. 27, 1999), Summit App. No. 19358, 1999 WL 980562, *2, and citing *Cuervo v. Snell* (Sept. 26, 2000), Franklin App. Nos. 99AP–1442, 99AP–1443, and 99AP–1458, 2000 WL 1376510.

{¶ 31} In the case before us, the trial court's order denies the appellants' motion to apply the prima facie filing requirements in R.C. 2307.92, which the General Assembly enacted with the intent to "give priority to those asbestos claimants who can demonstrate actual physical harm or illness caused by exposure to asbestos" and to enable courts to administratively dismiss the claims of those claimants who cannot present prima facie evidence of an impairment caused by exposure to asbestos. Am.Sub.H.B. No. 292, Section 3(B), 150 Ohio Laws, Part III, 3991. If the appellants in this matter are unable to challenge the trial court's finding in an interlocutory appeal, they will be unable to obtain the remedy set forth in the legislation upon an appeal from a final judgment—it would be meaningless at that point either to require a claimant to present prima facie evidence, or to administratively dismiss a claimant's case for failure to present prima facie evidence, after the case has proceeded to a final judgment on the merits. As we stated in *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, at ¶ 18, "without immediate judicial review, that mistake is uncorrectable."

432

## Conclusion

{¶ 32} A finding rendered pursuant to R.C. 2307.93(A)(3) is a provisional remedy, as defined by R.C. 2505.02(A)(3), but is not presumptively final and appealable. When determining whether a finding on the constitutionality of retroactively applying the prima facie filing requirements of R.C. 2307.92 is a final, appealable order, R.C. 2505.02(B)(4) requires a court to consider (a) whether the trial court has determined the action and prevented a judgment in favor of the appealing party with respect to that finding and (b) whether that party is denied a meaningful or effective remedy upon appeal from a final judgment in the action. In this case, the trial court's order with respect to the provisional remedy satisfies both requirements of R.C. 2505.02(B)(4) and is, therefore, final and appealable. Accordingly, we reverse the decision of the court of appeals and remand the matter to that court for review of appellants' assignments of error.

Judgment reversed
and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

Vorys, Sater, Seymour & Pease, L.L.P., Richard D. Shuster, and Nina I. Webb–Lawton, for appellants Goodrich Corp., Goodyear Tire & Rubber Co., CertainTeed Corp., 3M Co., ITT Industries, Inc., Allied Chemical Corp., Union Carbide Corp., Amchem Products, Inc., and American Standard, Inc., as alleged successor to Westinghouse Air Brake Co.

Baker & Hostetler, L.L.P., Wade A. Mitchell, and Nichol M. Schoenfield, for appellant Ericsson, Inc.

The Brunn Law Firm Co., L.P.A., and Thomas L. Brunn Sr., for appellant Alliance Machine Co.

Roetzel & Andress and Susan Squire Box, for appellants C.P. Hall Co., ExxonMobil Corp., Ford Motor Co., and General Motors Corp.

Squire, Sanders & Dempsey, L.L.P., and Laura Kingsley Hong, for appellants Ajax Manufacturing Co., Albany International Corp., Alcoa, Inc., Applied Industrial Technologies, Inc., Durametallic Corp., Ecodyne MRM, Inc., Gardner Denver, Inc., Illinois Tool Works, Inc. (sued as Devcon Corp.), the Kerite Co., National Machinery Co., Park Ohio Industries, Inc., Robertson–CECO Corp., f.k.a. H.H. Robertson Co., Rockbestos–Surprenant Cable Corp., Warren Pumps, Inc., Weil–McLain Boilers, and Zurn Industries, Inc.

Swartz Campbell, L.L.C., and John W. Bruni, for appellants Lexington Precision Corp., Allied Glove Corp., Cooper Industries, Inc., and Hinchcliffe & Keener, Inc.

Ulmer & Berne, L.L.P., Bruce P. Mandel, and Kurt S. Siegfried, for appellants Borg Warner Corporation, CEECORP, Inc. (d.b.a. Cleveland Gypsum Co., f.k.a. Cleveland Builders Supply Co.), Dossert Corp., Durabla Manufacturing Co., Duro Dyne Corp., Edward R. Hart Co., Essex Group, Inc., Kentile Floors, Inc., Minster Machine Co., Ohio Valley Insulating Co., Inc., and Standard Glove & Safety Equipment Company.

Brzytwa, Quick & McCrystal, L.L.P., Harry T. Quick, James L. McCrystal Jr., and Daniel F. Petticord, for appellants Eaton Corp. (sued as successor in interest to Cutler–Hammer, Inc., n.k.a. Eaton Electrical, Inc. and Eaton Corporation).

Gallagher, Sharp, Kevin C. Alexandersen, Colleen A. Mountcastle, and Holly M. Olarczuk–Smith, for appellants Norfolk Southern Railway Co., Consolidated Rail Corp., American Premier Underwriters, Inc., CSX Transportation, Inc., Grand Trunk Western Railroad Corp., Beazer East, Inc., Tasco Insulation, Inc., Allen Refractories, Inc., Osborne, Inc., Ingersoll Rand Co., Ingersoll–Dresser Pump Co., Goulds Pumps, Inc., Thiem Corp. and its Universal Refractories Division, Carlisle Companies, Inc., Motion Control Industries, Inc., Safety First Industries, Inc., O'Connor Steel & Supply Co., Allis Chalmers Product Liability Trust, Cyprus Industries Minerals Co., Bryan Steam Corp., Burnham Corp., American Biltrite, Inc., Phelps Dodge Industries, Inc., C.D. Center Corp., Sherwin W. Berkheimer Co., Inc., Fulton Iron & Manufacturing, Inc., and Sur–Seal Gasket & Packing Co., Inc.

Law Office of Susan S. Henderson and Susan S. Henderson, for appellant SB Decking, Inc., f.k.a. Selby, Battersby & Co.

Sutter, O'Connell & Farchione, Matthew C. O'Connell, and Victoria Barto, for appellants Garlock Sealing Technologies, L.L.C., DaimlerChrysler Corp., Sepco Corp., Greene Tweed & Co., FMC Corp., D.B. Riley, Inc., Volkswagen of America, Inc., and ACF Industries, Inc.

McLaughlin & McCaffrey, L.L.P., Dennis P. Zapka, and David H. Boehm, for appellant R.E. Kramig & Co., Inc.

Dinsmore & Shohl, L.L.P., and Michael D. Eagen, for appellants Norton Co., n.k.a. Saint–Gobain Abrasives, Inc., Kaiser Gypsum Co., Inc., Aurora Pump Division of Signal Corp., Dezurik, Inc., Lindberg MPH, and New York Air Brake.

McMahon DeGulis, L.L.P., and Stephen H. Daniels, for appellants Advance Auto Parts, Inc., John Crane, Inc., Tuthill Corp., and Sears, Roebuck & Co.

Bunda, Stutz & DeWitt, L.L.P., and David L. Gray, for appellant Owens–Illinois, Inc.

Davis & Young, C. Richard McDonald, and Jennifer Sardina, for appellants Nock Refractories Co., John Hancock Life Insurance Co., Hyster Co., and Hyster Mid East.

Tucker, Ellis & West, L.L.P., and Christopher J. Caryl, for appellant BOC Group, Inc., f.k.a. Airco, Inc.

Weston Hurd, L.L.P., and Jennifer A. Riester, for appellants Engelhard Corp., Fidelity Builders Supply, Stevens Painton Corp., Graybar Electric Co., Inc., Morton International, Inc., and Akron Gasket & Packing Enterprise, Inc.

Buckingham, Doolittle & Burroughs, L.L.P., John L. Reyes, and Michael J. Matasich, for appellant Harwick Chemical Corp.

Mansour, Gavin, Gerlack & Manos Co., L.P.A., Samuel R. Martillotta, and Edward O. Patton, for appellants ESAB Group, Inc., Hobart Brothers Co., Lincoln Electric Co., McCord Corp., Pneumo Abex, L.L.C. (as successor in interest to Abex Corp.), and A.W. Chesterton Co.

Willman & Arnold, L.L.P., and Ruth A. Antinone, for appellants Honeywell International, Inc., f.k.a. Allied Signal, Inc., f.k.a. Bendix Corp., and Pittsburgh Metals Purifying Co.

Baker & Hostetler, L.L.P., Robin E. Harvey, Diane L. Feigi, and Edward D. Papp, for appellant F.B. Wright Co.

Ulmer & Berne, L.L.P., and Timothy M. Fox, for appellant Georgia–Pacific Corp.

Calfee, Halter & Griswold, L.L.P., and Mark I. Wallach, for appellants Bondex International, Inc., and RPM, Inc.

Kirkpatrick & Lockhart, Nicholson Graham, L.L.P., and Ken Argentiera, for appellant Crane Co.

Calfee, Halter & Griswold, L.L.P., Thomas I. Michals, Matthew M. Mendoza, and Dineen LaMonica, for appellants Cleveland Electric Illuminating Co., Toledo Edison Co., and Ohio Edison Co.

Bonezzi, Switzer, Murphy & Polito Co., L.P.A., William D. Bonezzi, Kevin O. Kadlec, James E. Stephenson, and Joseph T. Ostrowski, for appellants F.B. Wright Co. of Cincinnati, A.O. Smith Corp., Mahoning Valley Supply Co., Hersh Packing & Rubber Co., Hollow Center Packing Co., Donald McKay Smith, and Brandon Drying Fabrics.

Kelley & Ferraro, L.L.P., John A. Sivinski, and Anthony Gallucci, for appellees.

Goldberg, Persky & White, P.C., Mark C. Meyer, David B. Rodes, and Joseph J. Cirilano, for appellees.

Bevan & Associates, L.P.A., Thomas W. Bevan, and John Mismas, for appellees.

Brent Coon & Associates and Christopher J. Hickey, for appellees.

Young, Reverman & Mazzei Co., L.P.A., and Kelly W. Thye, for appellees.

Baron & Budd and Theresa Ruck, for appellees.

Mazur & Kittel, P.L.L.C., and John I. Kittel, for appellees.

Climaco, Lefkowitz, Peca, Wilcox & Garofoli, L.P.A., John Peca, and Thomas M. Wilson, for appellees.

Robert E. Sweeney Co., L.P.A., Robert E. Sweeney, and Robert P. Sweeney, for appellees.

Jim Petro, Attorney General, and Stephen P. Carney, Deputy State Solicitor, urging reversal for amicus curiae Jim Petro as Attorney General of Ohio.

Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, and Daniel C. Gibson, urging reversal for amici curiae Ohio Manufacturers' Association, National Federation of Independent Business/Ohio, Ohio Chamber of Commerce, Ohio Alliance for Civil Justice, and Ohio Chemistry Technology Council.