JOURNAL ENTRY AND OPINION
{¶ 1} This appeal involves the narrow issue of whether the trial court properly determined that the factual circumstances of the underlying asbestos-related case warranted the application of R.C. 2307.93(A)(3)(a) ("the savings clause"), which allows a trial court to apply the law that existed before the enactment of Am. Sub. H.B. No. 292 ("H.B. 292"), effective September 2, 2004. Although we recognize that generally the statutory provisions contained in H.B. 292 may be applied retroactively, we find that the trial court properly applied the savings clause in this case. Because the retroactive application of H.B. 292 would have prevented plaintiff-appellee, Jeffrey Olson ("Olson"), from pursuing all six of his causes of action, stemming from his exposure to various toxic substances (not limited to asbestos), we find no error in the trial court's application of the savings clause. For the reasons discussed more fully below, we affirm.
 Procedural Facts and History {¶ 2} Olson, a career railroad worker, brought the underlying occupational disease action against Consolidated Rail Corporation, his former employer, and American Financial Group, Inc. (collectively "CRC") under the Federal Employers' Liability Act ("FELA") and the Locomotive Inspection Act ("LIA"). Olson alleges that his continuous exposure to various toxic substances, including asbestos, silica, sand, and diesel locomotive exhaust, have caused or aggravated his chronic obstructive pulmonary disease ("COPD") and asbestosis. Of Olson's six causes of action, only the first claim deals with asbestos. The second, third, and fourth claims relate to his alleged exposure to diesel, locomotive exhaust, sand, silica, solvents, *Page 4 
and other toxic substances. The fifth claim relates to an alleged aggravation of a pre-existing condition. The sixth claim relates to negligent assignment. His alleged injuries include pneumoconiosis, asbestosis, pleural disease, restrictive lung disease, obstructive lung disease, emphysema, asthma, reactive airway disease, fear of cancer, and lost wages.
 {¶ 3} Olson filed his lawsuit on August 30, 2004 — two days before H.B. 292 took effect. This legislation, which extensively revised state laws governing asbestos litigation, was enacted in response to the legislative finding that "[t]he current asbestos personal injury litigation system is unfair and inefficient, imposing a severe burden on litigants and taxpayers alike." H.B. 292, Section 3(A)(2), 150 Laws, Part III, 3988; see, also, Ackison v. Anchor Packing Co., Slip Opinion Nos. 2007-0219 and 2007-0415, 2008-Ohio-5243, ¶ 4.
 {¶ 4} This court in In Re: Special Docket No. 73958, 8th Dist. Nos. 87777 and 87816, 2008-Ohio-4444, ¶ 4-5, recently explained the legislation as follows:
 {¶ 5} "The key provisions of H.B. 292 are codified in R.C. 2307.91
through 2307.98. These provisions require plaintiffs who file an asbestos action based on allegations of nonmalignant conditions to present a prima facie showing that the exposed person has a physical impairment resulting from a medical condition, and that the person's exposure to asbestos was a substantial contributing factor to the medical condition. See R.C. 2307.92(B)-(D) and 2307.93(A)(1).
 {¶ 6} "If the plaintiff fails to make such a showing, then the trial court is required to administratively dismiss the action, without prejudice, until the claimant *Page 5 
can satisfy the new prima facie requirements. R.C. 2307.93(C). In addition, the prima facie filing requirements apply retroactively to causes of action arising before September 2, 2004, unless the trial court determines that retroactive application would be unconstitutional. This `savings clause' instructs the trial court to apply the law that existed before the effective date of the legislation. R.C. 2307.93(A)(3)."
 {¶ 7} After lengthy discovery, this case was eventually set for trial on December 10, 2007. (Because the trial court had previously ruled that H.B. 292 was preempted under federal law and inapplicable to FELA claims, this case proceeded without Olson having to comply with the prima facie requirements of H.B. 292.) Less than two months before trial, however, the Ohio Supreme Court decided the case of NorfolkSouthern Railway Co. v. Bogle, 115 Ohio St.3d 455, 2007-Ohio-5248, holding that the prima facie requirements for absestos-related claims under R.C. 2307.92 and 2307.93 were not preempted by the FELA. Consequently, CRC moved the court for an order requiring Olson to comply with the prima facie requirements of R.C. 2307.92. The trial court held a hearing on the matter and ultimately invoked the savings clause, finding that the prima facie requirements of R.C. 2307.92 did not apply retroactively because they would impair Olson's substantive rights and that such impairment violated Section 28 of Article II, Ohio Constitution (the Retroactivity Clause of the Ohio Constitution). The court specifically noted that Olson "states five additional causes of action under FELA that would be tried to a jury but for the fact that [Olson] has alleged the first cause of action involving asbestos." The court concluded that the law existing prior to H.B. 292 should apply. *Page 6 
 {¶ 8} From this decision, CRC appeals, raising two assignments of error. In its first assignment of error, CRC argues that the trial court erred in invoking the savings clause and finding that the prima facie requirements of R.C. 2307.92 impair Olson's substantive rights. In its second assignment of error, CRC argues that the trial court erred in denying its motion for an order directing Olson to substantially comply with R.C. 2307.91 and 2307.92. Because these assignments of error are interrelated, we will address them together.[1]
 Savings Clause {¶ 9} CRC contends that the trial court erred in refusing to apply the prima facie requirements of R.C. 2307.92. Relying on this court's decision in In Re: Special Docket and the Ohio Supreme Court's decision in Bogle, CRC argues that the retroactive application of R.C. 2307.92
does not impair a substantive right. Because these cases hold that H.B. 292 is procedural or remedial in nature, it contends that no legal basis supports the trial court's decision. CRC, however, fails to recognize the distinction in this case: the application of the savings clause.
 {¶ 10} Initially, we note that the Ohio Supreme Court recently reached the same conclusion as this court in In Re: Special Docket and held the following: "[the] requirements in R.C. 2307.91, 2307.92, and 2307.93
pertaining to asbestos exposure claims are remedial and procedural and may be applied without offending *Page 7 
the Retroactivity Clause of the Ohio Constitution to cases pending on September 2, 2004." Ackinson, supra, at ¶ 1.
 {¶ 11} In this case, however, the issue did not involve the general question of whether H.B. 292 may apply to asbestos cases pending before September 2, 2004. The trial court did not conclude that the retroactive application of H.B. 292 violates the Ohio Constitution in every instance. Thus, Ackinson does not govern this case. Instead, the trial court found that R.C. 2307.93(A)(3)(a), the savings clause, applied and, therefore, the law prior to September 2, 2004 should govern.
 {¶ 12} The savings clause provides:
 {¶ 13} "(3)(a) For any cause of action that arises before the effective date of this section, the provisions set forth in divisions (B), (C), and (D) of section 2307.92 of the Revised Code are to be applied unless the court that has jurisdiction over the case finds both of the following:
 "(i) A substantive right to the case has been impaired.
 "(ii) That impairment is otherwise in violation of Section 28 of Article II, Ohio Constitution."
R.C. 2307.93(A)(3)(a).
 {¶ 14} Through the savings clause, the General Assembly specifically recognized that the retroactive application of H.B. 292 will not always be appropriate. Indeed, by enacting R.C. 2307.93(A)(3)(a), the General Assembly carved out an exception to the retroactive application of H.B. 292 in all cases. To the extent that CRC argues that the savings clause has no application in light of the case law *Page 8 
finding that H.B. 292 is procedural or remedial in nature, we disagree. CRC's proposed interpretation would render the savings clause meaningless, which we find contrary to the General Assembly's intent. Indeed, although this court recognized that H.B. 292 may apply retroactively without offending the Ohio Constitution, we still recognized the validity of the savings clause and that some instances may warrant the application of the prior law. In Re: SpecialDocket, supra, at ¶ 5, 33.
 {¶ 15} Here, the trial court found that, based on the unique factual circumstances of this case, the retroactive application of the filing requirements of R.C. 2307.92 would impair Olson's substantive rights and such impairment violates the Ohio Constitution. The trial court's holding was based on the fact that Olson had five other non-asbestos-related claims that would be precluded from going forward if R.C. 2307.92 was applied retroactively. Notably, Ackinson, In Re:Special Docket, and Bogle do not address cases involving multiple claims unrelated to asbestos exposure and the trial court's invocation of the savings clause. Given the authority vested in the trial court under the savings clause, and given that the trial court specifically found that the application of R.C. 2307.92 would impair Olson's right to go forward on his five other non-asbestos-related claims, we find no error in the trial court's order applying the law prior to H.B. 292.
 {¶ 16} Accordingly, CRC's two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Although not raised as an issue by either party, we summarily recognize that the trial court's order, finding that the prima facie requirements of R.C. 2307.92 do not apply, constitutes a final, appealable order under R.C. 2505.02(A)(3) and (B)(4). See Sinnott v.Aqua-Chem, Inc., 116 Ohio St.3d 158, 2007-Ohio-5584. *Page 1