SUA SPONTE ORDER
{¶ 1} Defendant-appellant, American Optical Corporation ("AOC"), appeals the court's denial of its motion to administratively dismiss plaintiff-appellee, Miltion B. Cross's, complaint alleging asbestos-related products liability claims. After reviewing the facts of the case and pertinent law, we deny Cross's motion to dismiss this appeal for lack of a final appealable order, and we remand this cause to the lower court for the limited purpose of clarification.
 {¶ 2} On August 19, 2000, Cross filed suit against AOC, a manufacturer of asbestos containing protective clothing, alleging asbestos-related lung injuries.[1] Cross, who was exposed to various asbestos containing products during his 30-year career as a laborer, developed lung cancer and other lung related conditions. Cross was also a smoker for 46 years. Medical doctors attributed Cross's lung conditions to occupational asbestos exposure and tobacco use.
 {¶ 3} On September 2, 2004, Amended Substitute House Bill 292 became effective, and its key provisions were codified in R.C. 2307.91 through2307.98. H.B. 292 requires plaintiffs who assert asbestos claims to make a prima facie *Page 3 
showing by a competent medical authority that exposure to asbestos was a substantial contributing factor to their medical condition, resulting in a physical impairment. Stated in other words, the Ohio Legislature found that prioritizing these cases "will expedite the resolution of claims brought by those sick claimants and will ensure that resources are available for those who are currently suffering from asbestos-related illnesses and for those who may become sick in the future." Am. Sub. H.B. 292, Section 3(A)(5). See, also, Sinnott v. Aqua-Chem, Inc., etal, 116 Ohio St.3d 158, 160, 2007-Ohio-5584 (stating that requiring prima facie evidence by an asbestos plaintiff "is an attempt to place those already ill at the head of the line for compensation").
 {¶ 4} If a plaintiff fails to make this prima facie showing, the court must administratively dismiss the claim. "The court shall maintain its jurisdiction over any case that is administratively dismissed under this division. Any plaintiff whose case has been administratively dismissed under this division may move to reinstate the plaintiff's case if the plaintiff makes a prima-facie showing that meets the minimum requirements" discussed above. R.C. 2307.93(C).
 {¶ 5} However, the legislature also included a savings clause in R.C. 2307.93(A)(3)(a), which allows the law prior to September 2, 2004 to govern an asbestos plaintiff's case under certain circumstances. R.C. 2307.93(A)(3) provides as follows: *Page 4 
 {¶ 6} "(a) For any cause of action that arises before the effective date of this section, the provisions set forth in divisions (B), (C), and (D) of section 2307.92 of the Revised Code are to be applied unless the court that has jurisdiction over the case finds both of the following:
 {¶ 7} "(i) A substantive right of a party to the case has been impaired.
 {¶ 8} "(ii) That impairment is otherwise in violation of Section 28 of Article II, Ohio Constitution."
 {¶ 9} See Olson v. Consolidated Rail Corp., Cuyahoga App. No. 90790,2008-Ohio-6641 (holding that the court did not err in applying the savings clause to a case that had five non-asbestos related claims in addition to the plaintiff's claim of an asbestos-related injury). "Through the savings clause, the General Assembly specifically recognized that the retroactive application of H.B. 292 will not always be appropriate. Indeed, by enacting R.C. 2307.93(A)(3)(a), the General Assembly carved out an exception to the retroactive application of H.B. 292 in all cases." Olson, supra at ¶ 14. See, also, State ex rel.International Heat Frost Insulators Asbestos Workers Local v. Courtof Common Pleas of Cuyahoga County, Cuyahoga App. No. 85116,2006-Ohio-274 (concluding that R.C. 2307.93(A)(3) "reaffirms the authority of the court of common pleas to make determinations regarding constitutionality"). *Page 5 
 {¶ 10} On August 10, 2007, AOC filed with the trial court a motion to dismiss Cross's claim, alleging that he had not established the prima facie medical requirements. Specifically, AOC argued that no competent medical authority, as defined by R.C. 2907.91(Z), had opined that Cross's exposure to asbestos substantially contributed to his lung problems. Cross opposed this motion to dismiss, arguing that retroactive application of H.B. 292 is unconstitutional. On September 7, 2007, the trial court denied AOC's motion, ruling as follows:
 {¶ 11} "Having heard the arguments, the Court finds that the application of R.C. 2307.92 would impair a substantive right of Milton B. Cross, and that the impairment violates Section 28, Article II, of the Ohio Constitution. Under R.C. 2307.93(A)(3), the Court then will not apply R.C. 2307.92(C). Defendant, American Optical Corporation's motion is, therefore, denied." It is from this order that AOC appeals.
 Motion to Dismiss {¶ 12} We first address Cross's motion to dismiss this appeal for lack of a final appealable order. Specifically, Cross argues that the denial of the motion to dismiss "does not concern a provisional remedy, nor does it meet the test for finality under R.C. 2505.02(B)(4)." *Page 6 
 {¶ 13} Cross's motion to dismiss the appeal was filed in this court on September 19, 2007. On October 11, 2007, the Ohio Supreme Court decidedIn re Special Docket No. 73958, 115 Ohio St.3d 425, 2007-Ohio-5268, which concerned the following issue: "whether the court of appeals correctly dismissed, for lack of a final appealable order, an appeal from a finding by the trial court, rendered pursuant to R.C. 2307.93(A)(3), on the constitutionality of retroactively applying certain statutory provisions enacted by 2003 Am. Sub. H.B. 292."
 {¶ 14} In In re Special Docket No. 73958, supra, the Ohio Supreme Court held that "a finding on the constitutionality of retroactively applying the prima facie filing requirements of R.C. 2307.92" is a final, and therefore appealable, order. Id. at 432.
 {¶ 15} "In the case before us, the trial court's order denies the appellants' motion to apply the prima facie filing requirements in R.C. 2307.92, which the General Assembly enacted with the intent to `give priority to those asbestos claimants who can demonstrate actual physical harm or illness caused by exposure to asbestos' and to enable courts to administratively dismiss the claims of those claimants who cannot present prima facie evidence of an impairment caused by exposure to asbestos. Am. Sub. H.B. No. 292, Section 3(B), 150 Ohio Laws, Part III, 3991. If the appellants in this matter are unable to challenge the trial court's finding in an interlocutory appeal, they will be unable to obtain the *Page 7 
remedy set forth in the legislation upon an appeal from a final judgment — it would be meaningless at that point either to require a claimant to present prima facie evidence, or to administratively dismiss a claimant's case for failure to present prima facie evidence, after the case has proceeded to a final judgment on the merits. As we stated inState v. Upshaw, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, at ¶ 18, `without immediate judicial review, that mistake is uncorrectable.'"
 {¶ 16} Id. at 431. See, also, Sinnott, supra, 116 Ohio St.3d at 164
(holding that "[a]n order finding that a plaintiff in an asbestos action has made the prima facie showing required by R.C. 2307.92 is a final appealable order").
 {¶ 17} In re Special Docket No. 73958 is controlling, and accordingly, Cross's motion to dismiss this appeal is denied (see motion No. 401174).
 Retroactive Application of Am. Sub. H.B. No. 292 {¶ 18} AOC's assignment of error states:
 {¶ 19} "The trial court erred when it entered an order making an R.C. 2307.93(A)(3) finding that the prima-facie requirements enacted by Am. Sub. H.B. No. 292 and codified at R.C. 2307.92 cannot be applied retroactively because their application impairs Plaintiff-Appellee Milton Cross's substantive rights in violation of Section 28, Article II
of the Ohio Constitution." *Page 8 
 {¶ 20} At the time the court denied AOC's motion to dismiss, the Ohio Supreme Court had not yet handed down its decision in Ackison v. AnchorPacking Co., 120 Ohio St.3d 228, 2008-Ohio-5243. In Ackison, the Ohio Supreme Court found that "requirements in R.C. 2307.91, 2307.92, and2307.93 pertaining to asbestos exposure claims are remedial and procedural and may be applied without offending the Retroactivity Clause of the Ohio Constitution to cases pending on September 2, 2004." Id. at 229. See, generally, Ackison, In re Special Docket No. 73958, andSinnot, supra, for a thorough analysis of the constitutionality of retroactive legislation, and specifically, the constitutionality of R.C. 2307.92 and R.C. 2307.93's retroactive application. The Ackisonopinion does not address the R.C. 2307.93(A)(3)(a) savings clause. But, see, Ackinson, supra (Pfeifer, J., dissenting) (noting that "[t]he General Assembly, at least, offered a lifeline to claimants whose cause of action arose before the date of the passage of H.B. 292. Pursuant to R.C. 2307.93(A)(3), the requirements of H.B. 292 do not apply if they impair the substantive rights of the plaintiff and that impairment `is otherwise in violation of Section 28 of Article II, Ohio Constitution.' The majority, however, effectively cuts that lifeline today for all plaintiffs").
 {¶ 21} In the instant case, however, Cross does not dispute that the evidence he put forth does not meet the requirements of R.C. 2307 et seq. *Page 9 
Rather, he argues that the R.C. 2307 requirements do not retroactively apply to him specifically. In fact, Cross's brief concedes that "[t]he only question before this Honorable Court is whether H.B. 292 violates Section 28, Article II of the Ohio Constitution as it is applied in this case." The trial court agreed with Cross, invoking the R.C. 2307.93(A)(3) savings clause when it denied AOC's motion to administratively dismiss the action.
 {¶ 22} Although conclusory findings by a trial court do not necessarily constitute error, for an appellate court to conduct a meaningful review, sufficiently detailed reasoning should be specified in the trial court's order. See Mannion v. Sandel (2001),91 Ohio St.3d 318, 321-322 (holding that a court's reasoning for granting a new trial "will be deemed insufficient if simply couched in the form of conclusions or statements of ultimate fact"). Compare State ex rel.Kinnear Div. v. Industrial Commission (1997), 77 Ohio St.3d 258,262-263 (holding that an administrative agency's "findings become the basis for allegation of error. Without clarity, the parties are afforded little or no insight into the basis for decision, and the reviewing court is severely hampered in its task of discerning whether the record supports the [agency's] decision"); Kent v. United States (1966), 383 U.S. 541,561 (holding that meaningful appellate review is based on the court having "before it a statement of the reasons *Page 10 
motivating the [decision] including, of course, a statement of the relevant facts. It may not `assume' that there are adequate reasons ***").
 {¶ 23} In Kent, supra, the United States Supreme Court held, among other things, that written reasons were required when a juvenile court waived jurisdiction, thus subjecting a juvenile defendant to trial as an adult. Id. The Kent Court, however, limited the responsibilities of the trial court: "We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of `full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." Id. at 561.
 {¶ 24} We are aware that the instant case involves the individual applicability of the savings clause section of an otherwise constitutionally retroactive statute, and not a new trial, an administrative hearing, or a juvenile jurisdiction waiver. However, R.C. 2307.93(A)(3)(a)'s utility has yet to be thoroughly litigated. Accordingly, we analogize the issue before us to other instances in Ohio jurisprudence when conclusory orders are insufficient for meaningful appellate review. *Page 11 
 {¶ 25} Furthermore, R.C. 2307.93(A)(3)(b) states that if the savings clause is invoked, "the court shall determine whether the plaintiff has failed to provide sufficient evidence to support the plaintiff's cause of action or the right to relief under the law that is in effect prior to the effective date of this section." The court in the case before us failed to make this determination.
 {¶ 26} In light of the foregoing, we find merit to AOC's assignment of error, to the extent that the court's September 7, 2007 order is insufficient for meaningful review. Sua sponte, this court remands this cause to the trial court for the limited purpose of issuing a journal entry explaining its ruling on AOC's motion to administratively dismiss Cross's claim, including a determination under R.C. 2307.93(A)(3)(b).
 {¶ 27} The parties are granted leave to file with the clerk of the trial court the clarifying entry made upon remand as a supplemental record. The parties shall prepare the supplemental record in compliance with Loc. App. R. 11(B). This case, including the supplemental record and revised pagination of record, is to be returned to the clerk of this court within 21 days of the date of this entry. Upon the transmittal of the requisite clarifying entry in the supplemental record, this court will review the appeal on the merits.
MELODY J. STEWART. P.J., CONCURS MARY JANE BOYLE, J., CONCURS.
[1] As is typical in many asbestos related cases, Cross was one of many plaintiffs who brought this claim against various defendants, including AOC. See, Cross, et al. v. A-Best Products Co., et al., Cuyahoga County Common Pleas Case No. CV-415636. As a result of various dismissals, Cross and AOC are the only parties to this appeal. *Page 1