[Cite as *Pate v. Dept. of Rehab. & Corr.*, 2019-Ohio-949.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Donald Pate, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | : | **No. 18AP-142** |
| v. | : | (Ct. of Cl. No. 2017-211) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

## D E C I S I O N

### Rendered on March 19, 2019

**On brief:** *Donald Pate, Jr.*, pro se.

**On brief:** [*Dave Yost*], Attorney General, and *Howard H. Harcha IV*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Donald Pate, Jr., appeals from a judgment of the Court of Claims of Ohio granting summary judgment to defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").

## I. Factual and Procedural Background

{¶ 2} On March 7, 2017, Pate, an inmate at the Warren Correctional Institution ("WCI"), filed a complaint against ODRC. In the complaint, Pate alleged that he was assaulted by Jason Goudlock, another inmate at WCI. He stated the Goudlock used a clothing iron to beat him in the head and face. He claimed that ODRC negligently provided Goudlock access to the clothing iron without securing or fixing it to any part of the standing

structure of the housing unit. Pate further alleged that ODRC was aware that a clothing iron could be used as a weapon because it had happened at other prisons. He sought to recover for his injuries and pain and suffering and requested an award in excess of $50,000.

{¶ 3} ODRC filed an answer on March 30, 2017. In December, ODRC filed a motion for summary judgment. It argued that it could not be held liable for the intentional attack by Goudlock on Pate because it did not have notice of any conflict between the two inmates. In support of it motion, ODRC submitted two affidavits. Greg Craft, employed by ODRC as a warden's assistant, stated in his affidavit that inmates are provided with access to a clothes iron as part of the day-room activities. An inmate must present an ID card to a corrections officer to obtain an iron and ironing board. Craft also stated that following the incident between Goudlock and Pate, a separation order was issued to prevent Goudlock and Pate from being housed in the same unit. Goudlock was ultimately transferred to another institution.

{¶ 4} In the second affidavit, Janet Smith, employed as a corrections specialist at WCI by ODRC, stated that she has access to inmates' entire records. According to her, Pate and Goudlock were housed in the same unit at Ross Correctional Institution from July 25, 2016 through October 30, 2016. They both arrived at WCI on December 5, 2016. Neither Pate nor Goudlock had filed any complaints or grievances alleging misconduct by or fear of the other. Both inmates had filed complaints and grievances in the past demonstrating they were aware of the procedures. Smith stated that there was nothing in either file to alert ODRC of a possible conflict between the inmates.

{¶ 5} Pate opposed the motion for summary judgment. He argued that ODRC was aware that clothes irons could be dangerous. In two different level three prisons, clothes irons were secured to the standing structure of the prison to prevent the iron from being used as a weapon. WCI, however, did not employ such safety measures. Pate argues that the crucial question is whether ODRC had a duty to exercise reasonable safety measures to secure the clothes iron to prevent its use in an assault. In support of his memorandum in opposition, Goudlock submitted his own affidavit and the affidavit of Sean Swain, a fellow inmate at WCI.

{¶ 6} In his affidavit, Pate alleges that Goudlock had not exchanged his ID for the clothes iron and that WCI staff had not realized that the clothes iron was missing and that

Goudlock had it. He also stated WCI still does not secure clothes irons to the building structure. In Swain's affidavit, he stated that he has been incarcerated since 1991. In the 1990s, Swain was at Mansfield Correctional Institution and that he personally witnessed two assaults with the use of a clothes iron. He alleged that in response to these incidents, clothes irons were secured to metal cables fastened to the walls of the prison. He further indicated that when he was incarcerated at Toledo Correctional Institution the same security measures with regard to clothes irons were installed in that prison.

{¶ 7} The trial court granted ODRC's motion for summary judgment. It stated that the crux of the case concerned the intentional attack on Pate. The trial court found that Pate did not offer any evidence to rebut ODRC's evidence that it lacked notice of a potential attack. Without notice, ODRC could not be held liable for Goudlock's actions.

**II. The Appeal**

{¶ 8} Pate appeals and assigns the following the error:

> The Court committed error prejudicial to the Common-law rights of Appellant with granting summary judgment to Appellee.

{¶ 9} A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under

Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher* at 293.

{¶ 11} For an inmate to prevail on a negligence claim, a plaintiff must establish that (1) ODRC owed him a duty, (2) ODRC breached that duty, and (3) ODRC's breach proximately caused his injuries. *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1109, 2003-Ohio-3533, ¶ 20, citing *Macklin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-293, 2002-Ohio-5069. "In the context of a custodial relationship between the state and its inmates, the state owes a common-law duty of reasonable care and protection from unreasonable risks of physical harm." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 16, citing *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742, 744-45 (10th Dist.1998). "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances." *McElfresh* at ¶ 16. The state's duty of reasonable care, however, does not render it an insurer of inmate safety. *Williams v. S. Ohio Corr. Facility*, 67 Ohio App.3d 517, 526 (10th Dist.1990), citing *Clemets v. Heston*, 20 Ohio App.3d 132 (6th Dist.1985). But, "once [the state] becomes aware of a dangerous condition it must take reasonable care to prevent injury to the inmate." *Briscoe* at ¶ 20.

{¶ 12} The law is well-settled in this district with regard to ODRC's liability for an assault by one inmate against another. As this court recently explained:

> When one inmate attacks another inmate, "actionable negligence arises only where prison officials had adequate notice of an impending attack." *Metcalf v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-292, 2002-Ohio-5082, ¶ 11. This notice may be actual or constructive. *Id.* The distinction between actual and constructive notice is "the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 9. "Actual notice exists where the information was personally communicated to or received by the party." *Id.* Constructive

> notice " 'is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice.' " *Id.*, quoting *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. "Whether ODRC had or did not have notice is a question that depends on all the factual circumstances involved." *Frash v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-932, 2016-Ohio-3134, ¶ 11.

*Skorvanek v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-222, 2018-Ohio-3870, ¶ 29.

{¶ 13} On appeal, Pate argues that ODRC should be determined to have actual or constructive notice of an impending attack by inmates because he is incarcerated in a "tier 3A level" institution which houses violent inmates. He contends that ODRC also had notice supplying an unsecured "Class 2 tool Iron" without supervision created a dangerous condition because other institutions fasten clothes irons to the structure of the prison for the protection of inmates and employees. Pate also alleges the affidavits ODRC submitted in support of summary judgment were false because ODRC only allows policy or procedure violation on informal complaints and grievances. He complains that the trial court's decision removes any common-law or statutory duty from ODRC.

{¶ 14} The record in this case fails to present any evidence indicating that ODRC received actual notice that Gouldock would attack Pate. Pate does not claim that he or any other inmate informed ODRC that Goudlock was threatening any type of violence. Instead, Pate's arguments indicate that ODRC should be charged with constructive knowledge of an attack because WCI allowed inmates to have access to unsecured clothes irons and because WCI houses violent inmates. We disagree. The general nature of the prison and the use of an unsecured clothes iron as a weapon at other institutions are not sufficient facts on which it may be reasonably inferred that ODRC had constructive notice that a particular inmate would assault another. In *Doss*, this court rejected the appellant's argument that ODRC was negligent because it failed to secure a metal bar of an exercise machine so that it could not be removed and used as a weapon in an attack. *Doss v. Dept. of Rehab. & Corr.*, 10th Dist. No. 99AP-661 (Mar. 28, 2000). Because there was no actual or constructive notice of an impending attack provided to prison personnel, we determined that ODRC did not breach its common law duty of care owed to the appellant. *Id.*

{¶ 15}   In other cases, this court has looked at an inmate's prison record or behavior preceding the attack to determine whether ODRC may be determined to have constructive knowledge of an attack.  *See Skorvanek* at ¶ 43; *Literal v. Dept. of Rehab. & Corr.*, 10th Dist. 16AP-242, 2016-Ohio-8536; *Frash v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-932, 2016-Ohio-3134, ¶ 12.  Pate, however, failed to submit any evidence of Goudlock's prison record and did not attest to Goudlock's behavior preceding the attack. Because there is no evidence in the record that suggests  Goudlock posed a risk of physical violence toward other inmates, including Pate, ODRC did not have notice, either actual or constructive, that an attack from Goudlock was going to occur.

{¶ 16} Based on the foregoing, Pate's sole assignment of error is overruled.  The judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

————————————