**[Cite as *Sudberry v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-4772.]**

| JAMES D. SUDBERRY | Case No. 2019-00418JD |
|---|---|
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Robert Van Schoyck |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} On June 1, 2020, defendant filed a motion for summary judgment pursuant to Civ.R. 56. On June 18, 19, and 24, 2020, plaintiff filed responses to defendant's motion for summary judgment.[1] On June 25, 2020, defendant filed a reply in support of its motion for summary judgment. For the reasons stated below, defendant's motion shall be granted.

**Procedural Background**

{¶2} As a preliminary matter, the court notes that plaintiff filed several motions between May 29, 2020 and June 17, 2020. In his May 29, 2020 motion for an extension of time, plaintiff requests a 30-day extension to conduct discovery. However, the court already extended the discovery deadline to June 30, 2020 in its May 20, 2020 order. Accordingly, plaintiff's motion for extension of time is DENIED as moot.

{¶3} On May 29, 2020, plaintiff filed a document labeled "Dispositive Motion," in which he expresses dissatisfaction with not receiving certain materials in discovery and sets forth assertions on a variety of subjects not germane to the facts alleged in the complaint. It is not clear what relief plaintiff seeks. Furthermore, a "dispositive motion" is not provided for in the Ohio Rules of Civil Procedure. Accordingly, plaintiff's motion is DENIED as moot.

---

[1]In plaintiff's June 18, 2020 response, plaintiff requests a three-judge panel. However, plaintiff never filed a motion for a three-judge panel in accordance with R.C. 2743.03(C)(1) and L.C.C.R. 5.

{¶4}    Lastly, on June 17, 2020, plaintiff filed a motion requesting discovery from defendant and to consolidate his case with another that he has pending in this court.  To the extent plaintiff appears to make discovery requests in this document, requests for discovery shall be served upon defendant not the court.  Accordingly, to the extent the motion requests discovery, it is DENIED as moot.  To the extent plaintiff moves for consolidation with case number 2019-01071, the court does not agree that consolidating plaintiff's cases is appropriate.  Accordingly, the motion is DENIED.  The court will now address defendant's motion for summary judgment.

**Standard of Review**

{¶5}    Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the

nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶6} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Factual Background**

{¶7} According to the complaint plaintiff is an inmate in the custody and control of defendant and on January 8, 2019, he was in the gymnasium at the Lebanon Correctional Institution (LeCI) when he was hit in the back of the head with a basketball. (Complaint, ¶ 12.) Plaintiff alleges he reported the incident to a corrections officer, but the officer stated that he or she did not see the incident. *Id.* Plaintiff further alleges that the corrections officer did not write a conduct report or ticket for the unidentified inmate who hit him with the basketball. *Id.*

{¶8} Plaintiff also alleges that on January 22, 2019, he again was hit in the head with a basketball. *Id.* According to plaintiff, an unnamed "recreation worker porter or gym worker or porter" hit him with the basketball and he reported it to a corrections officer. *Id.* Plaintiff, claiming to have suffered a sore neck as a result of one or both incidents, brings this action seeking to recover "1 Zillion" dollars. (Complaint, ¶ 13-14.)

{¶9} In support of its motion for summary judgment, defendant submitted the affidavit of Brian Zielinski, the Activity Therapy Administrator at LeCI. Zielinski is responsible for creating recreational programming for inmates at LeCI. (Zielinski Aff., ¶

1.)  According to Zielinski, at some point he and the LeCI Inspector reviewed video footage of the incident that occurred in the gymnasium on January 8, 2019.  *Id.* at ¶ 3. The video showed plaintiff being hit in the back of the head with a basketball.  *Id.* However, Zielinski could not determine from the video whether the basketball was thrown intentionally or accidentally.  *Id.*  Plaintiff never informed Zielinski that he was in fear of a basketball being thrown at him before or after the incident.  *Id.* at ¶ 4.  Zielinski was not aware of plaintiff informing any corrections officers that he was in fear for his safety in the gymnasium.  *Id.*

**Law and Analysis**

{¶10}  "To establish negligence, a plaintiff must show the existence of a duty, a breach of that duty, and injury resulting proximately therefrom."  *Taylor v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 11AP-1156, 2012-Ohio-4792, ¶ 15.  "In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks."  *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 8.  "The state, however, is not an insurer of inmate safety and owes the duty of ordinary care only to inmates who are foreseeably at risk."  *Franks v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 12AP-442, 2013-Ohio-1519, ¶ 17.  "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know."  *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-177, 2004-Ohio-5545, ¶ 16.

{¶11}  "When one inmate attacks another inmate, 'actionable negligence arises only where prison officials had adequate notice of an impending attack.'"  *Skorvanek v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 17AP-222, 2018-Ohio-3870, ¶ 29, quoting *Metcalf v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 01AP-292,

2002-Ohio-5082, ¶ 11; *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-606, 2012-Ohio-1017, ¶ 9 ("The law is well-settled in Ohio that ODRC is not liable for the intentional attack of one inmate by another, unless ODRC has adequate notice of an impending assault."). "'Whether ODRC had or did not have notice is a question that depends on all the factual circumstances involved.'" *Pate v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 18AP-142, 2019-Ohio-949, ¶ 12, quoting *Frash v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-932, 2016-Ohio-3134, ¶ 11.

{¶12} Based upon the uncontested affidavit testimony put forth by defendant, the court finds that defendant had no notice of an impending assault on plaintiff. It is undisputed that plaintiff was hit in the head with a basketball in the gymnasium. It is also undisputed that the video evidence reviewed by Zielinski did not show whether the inmate hit plaintiff with the basketball intentionally or accidentally. Furthermore, Zielinski averred that plaintiff never asserted that he was in fear of being assaulted with a basketball in the gymnasium. Plaintiff has failed to submit any evidentiary materials outlined in Civ.R. 56 to dispute defendant's assertion that it did not have notice of an impending assault. Accordingly, the court finds that there is no genuine issue of material fact regarding defendant's lack of notice of an impending assault on plaintiff.

**Conclusion**

{¶13} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed August 3, 2020**
**Sent to S.C. Reporter 10/2/20**