SINNOTT ET AL., APPELLEES, *v.* AQUA-CHEM, INC., ET AL.; AMERICAN
OPTICAL CORPORATION ET AL., APPELLANTS.

[Cite as *Sinnott v. Aqua–Chem, Inc.,* 116
Ohio St.3d 158, 2007-Ohio-5584.]

(No. 2006–1604—Submitted June 6, 2007—Decided October 25, 2007.)

LANZINGER, J.

{¶ 1} We accepted this discretionary appeal to resolve whether a trial court's order finding that a prima facie showing required by R.C. 2307.92 has been made in an asbestos case is a final, appealable order. We hold that it is, because the order prevents a judgment in the action in favor of the appealing party regarding the provisional remedy and leaves the appealing party without a meaningful or effective appellate remedy following final judgment. R.C. 2505.02(B)(4).

Case Background

{¶ 2} In February 2004, before enactment of Am.Sub.H.B. No. 292, 150 Ohio Laws, Part III, 3970 ("H.B. No. 292"), which included new requirements for the filing of asbestos complaints pursuant to R.C. 2307.92, appellees James[1] and Freda Sinnott ("appellees") filed a complaint against several companies, including American Optical Corporation, Abex Corporation, now known as Pneumo Abex

---

1. James Sinnott died on August 25, 2005, and this action was maintained by his surviving spouse. While this appeal was pending, his spouse also died.

L.L.C., and Viacom, Inc. ("appellants"), as well as Aqua–Chem, Inc. and many others,[2] alleging injury to James Sinnott from workplace exposure to products containing asbestos. In April 2004, appellees dismissed without prejudice American Optical Corporation and Pneumo Abex. After the effective date of H.B. No. 292, in January 2005, appellees filed an amended complaint, again naming appellants American Optical Corporation and Pneumo Abex as defendants.

{¶ 3} Because the amended complaint was filed after the effective date of H.B. No. 292, American Optical Corporation filed a motion to administratively dismiss appellees' claim for failure to comply with R.C. 2307.92. Pneumo Abex later joined that motion. Although appellees opposed the motion to dismiss, they also provided supplemental medical evidence and records regarding Sinnott's illness. American Optical Corporation continued to argue for administrative dismissal, claiming that the supplemental evidence did not satisfy the requirements of R.C. 2307.91 et seq. The trial court held that while the requirements of H.B. No. 292 applied to the amended complaint, appellees had fulfilled those requirements, and the case could proceed to trial.

{¶ 4} Appellants filed an appeal with the Eighth District Court of Appeals that was dismissed as premature pursuant to R.C. 2505.02. *Sinnott v. Aqua–Chem, Inc.* (July 12, 2006), 8th Dist. No. 088062. We accepted jurisdiction to determine whether orders finding that plaintiffs have made the prima facie showings required by R.C. 2307.92 are final and appealable. We hold that they are.

## Background of New Legislation

{¶ 5} Recognizing that asbestos claims have proven to be a challenge to Ohio defendants, plaintiffs, and the court system as a whole, the General Assembly enacted H.B. No. 292 in 2004. The bill was a comprehensive new approach to asbestos litigation, and the changes were codified in amendments to R.C. 2505.02 and the creation of R.C. 2307.91 through 2307.96 and R.C. 2307.98.

{¶ 6} R.C. 2307.92 now requires that all plaintiffs who file tort actions based on an asbestos claim make a prima facie showing that "the exposed person has a physical impairment, that the physical impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition." Plaintiffs unable to make this showing face administrative dismissal of their claims without prejudice. R.C. 2307.93(C). The court retains jurisdiction, and any plaintiff whose case has been administratively dismissed may move to reinstate the claim upon making the prima facie showing. Id.

---

2. Aqua–Chem, Inc., and other defendants are not parties to this appeal.

{¶ 7} The General Assembly cited the steadily increasing litigation cost to all parties as well as the threat of the solvency of asbestos defendants as its overriding concerns in enacting the new legislation. Section 3(A)(2), H.B. No. 292, 150 Ohio Laws at 3988–3989. Asbestos litigation, which includes claims of those who are not yet sick, has contributed to the bankruptcy of over 70 companies nationwide and at least five companies in Ohio. Section 3(A)(4), H.B. No. 292, 150 Ohio Laws at 3989–3990. The General Assembly recognized that "the vast majority of Ohio asbestos claims are filed by individuals who allege they have been exposed to asbestos and who have some physical sign of exposure to asbestos, but who do not suffer from an asbestos-related impairment." Section 3(A)(5), H.B. No. 292, 150 Ohio Laws at 3990. In addressing the cost of litigating such claims and the ability to fully compensate those who are already ill, the General Assembly found that "[t]he public interest requires the deferring of claims of exposed individuals who are not sick in order to preserve, now and for the future, defendants' ability to compensate people who develop cancer and other serious asbestos-related injuries." Section 3(A)(7), H.B. No. 292, 150 Ohio Laws at 3991.

{¶ 8} As noted by Section 3(A)(5), H.B. No. 292, the General Assembly found that "reasonable medical criteria" are necessary to "expedite the resolution of claims brought by those sick claimants * * * [to] ensure that resources are available for those who are currently suffering from asbestos-related illnesses and for those who may become sick in the future." That there must now be prima facie evidence of exposure to asbestos as a substantial contributing factor to a plaintiff's medical condition is an attempt to place those already ill at the head of the line for compensation. In this discretionary appeal, we examine whether the trial court's order finding that appellees have made a prima facie showing is a final, appealable order.

## Final Orders

{¶ 9} For Ohio's appellate courts to have jurisdiction over an appeal, Section 3(B)(2), Article IV of the Ohio Constitution requires that the court decision under review be a judgment or final order.

{¶ 10} Six appealable orders are listed in R.C. 2505.02, only one of which, an order granting or denying a provisional remedy, is at issue in this case:

{¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 12} " * * *

{¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 16} Thus, R.C. 2505.02(B)(4) establishes a three-part test for determining whether an order is final and appealable. *State v. Muncie* (2001), 91 Ohio St.3d 440, 446, 746 N.E.2d 1092. As an initial matter, the order must grant or deny a provisional remedy; if so, the order must also determine the action and prevent a judgment in favor of the appealing party regarding the provisional remedy, and the appealing party cannot have a meaningful or effective appellate remedy following final judgment. R.C. 2505.02(B)(4)(a) and (b). Not all provisional remedy orders are necessarily appealable; the conditions of R.C. 2505.02(B)(4)(a) and (b) must be satisfied before the order can be considered final and appealable. *Muncie*, 91 Ohio St.3d at 450, 746 N.E.2d 1092.

### Definition of "Provisional Remedy"—R.C. 2505.02(A)(3)

{¶ 17} The first question is whether the order is a provisional remedy. The term "provisional remedy" is defined by R.C. 2505.02(A)(3) as "a proceeding ancillary to an action, including, but not limited to, * * * *a prima-facie showing pursuant to section 2307.92 of the Revised Code,* or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code." (Emphasis added.)

{¶ 18} Thus, a prima facie showing pursuant to R.C. 2307.92 is an ancillary proceeding by definition. R.C. 2307.92 sets forth the minimum medical criteria that plaintiffs must demonstrate to avoid having their asbestos claims placed on hold through an administrative dismissal pursuant to R.C. 2307.93.

{¶ 19} In this case, the trial court found that appellees had met their burden, "had satisfied the minimum medical requirements for bringing certain asbestos claims contained in H.B. 292," and had presented evidence that satisfied the intent of the new statute. The trial court's determination, therefore, constitutes an order issued pursuant to R.C. 2307.92 and thus meets R.C. 2505.02(A)(3)'s definition of a provisional remedy.

### Preventing a Judgment—R.C. 2505.02(B)(4)(a)

{¶ 20} Second, even though the order, which found that appellees had satisfied the minimum medical requirements of R.C. 2307.92, is a provisional remedy, it must also "in effect determine[ ] the action *with respect to the provisional remedy* and prevent[ ] a judgment in the action in favor of the appealing party *with respect to the provisional remedy.*" (Emphasis added.) R.C. 2505.02(B)(4)(a).

Appellees' argument that the order must determine the entire action is unpersuasive. The statute clarifies that the trial court's order need not determine the action overall but must simply determine the action as it relates to the provisional remedy itself. See, also, *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 17 (order finding defendant incompetent determined action with respect to competency proceeding); *Muncie*, 91 Ohio St.3d at 450–451, 746 N.E.2d 1092 (order determined action with respect to petition for forced medication).

{¶ 21} As already noted, if plaintiffs do not make the prima facie showing required, their action is subject to administrative dismissal. The trial court here determined that appellees had met the minimum medical requirements under R.C. 2307.92 and therefore denied an administrative dismissal under the provisions of R.C. 2307.93(C).

{¶ 22} The order finding that the requirements were met in this case also prevented a judgment in favor of the appellants regarding appellees' prima facie showing under R.C. 2307.92. Once the trial court ruled in favor of appellees on the minimum medical requirements, a judgment could not be entered in favor of appellants, and an administrative dismissal could not be granted. As a final determination of the provisional remedy, the order finding that a prima facie showing had been made was adverse to appellants and satisfied the requirement of R.C. 2505.02(B)(4)(a).

## No "Effective Remedy"—R.C. 2505.02(B)(4)(b)

{¶ 23} The third and final part of the test is whether "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(b). In considering this requirement, we have noted that there are times when "a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment." *Muncie*, 91 Ohio St.3d at 451, 746 N.E.2d 1092. In so holding, we recognized that "[i]n some instances, '[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party." Id., quoting *Gibson–Myers & Assoc. v. Pearce* (Oct. 27, 1999), Summit App. No. 19358, 1999 WL 980562.

{¶ 24} Appellees argue that appellants have the remedy of final appeal, which is available to any nonprevailing party after final judgment, and that allowing an interlocutory appeal leads to a piecemeal approach. Appellants, on the other hand, argue that the trial court's order allowing the case to proceed to trial requires them to spend funds that cannot be recovered even if they ultimately prevail upon the merits. We are persuaded that appellants have the better argument.

{¶ 25} By enacting H.B. No. 292, the General Assembly has distinguished asbestos litigation from other types of litigation. As a general rule, "contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit." *State ex rel. Lyons v. Zaleski* (1996), 75 Ohio St.3d 623, 626, 665 N.E.2d 212. Yet the uncodified section of H.B. No. 292 cites the negative effects that ballooning asbestos litigation expenses have upon plaintiffs and defendants both. Section 3(A)(2), H.B. No. 292, 150 Ohio Laws at 3988. One of the primary reasons for requiring a plaintiff to make a prima facie showing of an asbestos-related impairment is to reduce litigation costs and thereby preserve the resources of asbestos defendants so that more injured plaintiffs can be made whole. Section 3(A)(7), H.B. No. 292, 150 Ohio Laws at 3991. Indeed, the General Assembly's intent to preserve the funds of asbestos defendants for the benefit of those who are ill will be thwarted unless an order pursuant to R.C. 2307.92 is immediately reviewable. Waiting until the end of litigation before allowing appeal of this provisional order does not provide the remedy of restoring funds that might have been used otherwise. Such an appeal would be neither meaningful nor effective, even if the appellant prevails on the merits of the case.

{¶ 26} In the limited context of asbestos litigation, where preservation of resources for the benefit of those actually manifesting injury is a stated purpose of the General Assembly, we determine that the incurrence of unnecessary trial expenses is an injury that cannot be remedied by an appeal from a final judgment; thus, this appeal from a provisional remedy satisfies R.C. 2505.02(B)(4)(b).

{¶ 27} Although we did not accept the stated proposition, we note that appellees interpret R.C. 2307.93(B), which states that "[t]he court shall resolve the issue of whether the plaintiff has made the prima-facie showing * * * by applying the standard for resolving a motion for summary judgment," to mean that the prima facie determination and a summary judgment order should be treated the same. Because denial of a motion for summary judgment is generally not a final, appealable order, *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, appellees maintain that an adverse determination pursuant to R.C. 2307.92 should not be immediately reviewable.

{¶ 28} Appellees' argument, however, reflects a fundamental misunderstanding of R.C. 2307.93(B). Far from equating summary judgment with administrative dismissal for lack of a prima facie showing, the statute simply directs trial courts to apply the evidentiary standard of summary judgment when making a determination whether the minimum medical standard has been met.

{¶ 29} The summary judgment standard requires the trial court to grant judgment for the moving party "when, looking at the evidence as a whole, (1) no

genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196. Furthermore, summary judgment "must be awarded with caution. Doubts must be resolved in favor of the non-moving party." *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359, 604 N.E.2d 138. Thus, if a defendant challenges the medical evidence presented by a plaintiff, the evidence must be construed most favorably for the plaintiff and against the defendant. The court's use of the summary judgment standard to determine whether a prima facie showing has been made does not affect the finality or appealability of the order itself.

## Conclusion

{¶ 30} An order finding that a plaintiff in an asbestos action has made the prima facie showing required by R.C. 2307.92 is a final, appealable order. Such an order is explicitly listed as a provisional remedy in R.C. 2505.02(B)(4) and determines the action with respect to the prima facie showing and the related issue of administrative dismissal. Furthermore, if the order finds that a prima facie showing exists, and the case proceeds to trial, an appeal from a final judgment does not provide appellants with an adequate remedy on the provisional ruling. Even assuming that they have prevailed at trial, appellants will have exhausted significant resources, thereby thwarting H.B. No. 292's goal of preserving the resources of asbestos defendants to ensure that injured parties can be fully compensated.

{¶ 31} For these reasons, we reverse the judgment of the Eighth District Court of Appeals dismissing appellant's appeal for lack of a final, appealable order and remand to the court of appeals for a determination on the merits of the appeal.

Judgment reversed
and cause remanded.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

————————

**MOYER, C.J., dissenting.**

{¶ 32} I respectfully dissent. The majority holds that a trial court order finding that a plaintiff in an asbestos action has made the prima facie showing required by R.C. 2307.92 is a final, appealable order. Pursuant to R.C. 2505.02(B)(4), an order that grants or denies a provisional remedy is a final,

appealable order only if (1) the order determines the action and prevents a judgment in favor of the appealing party with respect to the provisional remedy *and* (2) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment.

{¶ 33} While I agree with the majority that the first requirement of R.C. 2505.02(B)(4) is met, I do not agree that the second requirement is met. Appellants have a meaningful and effective remedy by appeal following the trial court's final judgment. Therefore, I would affirm the court of appeals' decision to dismiss appellants' appeal as premature.

{¶ 34} The majority states that appellants would not be afforded a meaningful or effective appellate remedy following final judgment because "allowing the case to proceed to trial requires [appellants] to spend funds that cannot be recovered." This holding is contrary to this court's established precedent.

{¶ 35} The majority is correct in stating that "[a]s a general rule, 'contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit.' *State ex rel. Lyons v. Zaleski* (1996), 75 Ohio St.3d 623, 626, 665 N.E.2d 212." We have stated this proposition numerous times. See *Lyons*, 75 Ohio St.3d at 626, 665 N.E.2d 212 (denying a writ of mandamus because the remedy of appeal was not inadequate even though a second trial might have been necessary if an order transferring action to another county was erroneous); *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 17, 706 N.E.2d 765 (holding that time, expense, and the large number of asbestos cases involved did not establish inadequacy of an appeal); *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 124, 656 N.E.2d 684 (holding that petitioner's claims that an appeal from an adverse Ohio Civil Rights Commission decision would be inadequate due to time and expense were without merit); and *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 50, 676 N.E.2d 109 (holding that contentions that appeal from an adverse final judgment would be inadequate due to time and expense were without merit in a parentage action, even though appellant contended that there was no mechanism to guarantee reimbursement of temporary child-support payments).

{¶ 36} The majority's decision to stray from our previous holdings is an error: appellants' argument in this case could be applied to virtually every appellant arguing that a provisional remedy is a final, appealable order. As we stated in *State v. Muncie* (2001), 91 Ohio St.3d 440, 450, 746 N.E.2d 1092, "an appellate court's determination that a particular proceeding constitutes a 'provisional remedy' is only one step of the analysis required under R.C. 2505.02(B)(4). Not every order granting or denying relief sought in an ancillary proceeding will necessarily satisfy the additional requirements imposed by R.C. 2505.02(B)(4)(a) and (b)." In view of our established precedent, appellants' argument that they

will be denied a meaningful or effective remedy because they will be required to expend funds to defend a case at trial is unpersuasive.

{¶ 37} The majority states that in some instances, " 'the proverbial bell cannot be unrung,' " quoting *Gibson–Myers & Assoc. v. Pearce* (Oct. 27, 1999), Summit App. No. 19358, 1999 WL 980562. However, in the past, courts have expressed that concern only in situations in which parties who are required to delay appeal until after final judgment on the merits will be harmed beyond the expenditure of funds. In *Gibson–Myers & Assoc.*, the phrase was used with respect to the discovery of trade secrets. The court stated that "[i]n a competitive commercial market where customers are a business' most valuable asset and technology changes daily, disclosure of a trade secret will surely cause irreparable harm." Id. The court then held that an order compelling the production of documents that constituted trade secrets was final and appealable pursuant to R.C. 2505.02(B)(4).

{¶ 38} The phrase "the proverbial bell cannot be unrung" was cited by this court in *Muncie*, in which we held that an order compelling the administration of psychotropic medication under R.C. 2945.38 satisfies R.C. 2505.02(B)(4)(b). 91 Ohio St.3d 440, 451, 746 N.E.2d 1092. We noted that " '[t]he availability of appellate review after a sentence is imposed offers no effective remedy for the accused person forced to endure the side effects of those medications during the pendency of the * * * proceedings.' " Id. at 452, 746 N.E.2d 1092, quoting amicus brief of Glenn Weaver Institute of Law and Psychiatry, University of Cincinnati Law School. In *Muncie*, we also noted that a court of appeals opinion cited the phrase "the proverbial bell cannot be unrung" when a party appealed an order compelling production of certain communications about asset transfers—communications that were allegedly subject to the attorney-client privilege. Id. at 451, 746 N.E.2d 1092, citing *Cuervo v. Snell* (Sept. 26, 2000), Franklin App. Nos. 99AP–1442, 99AP–1443, and 99AP–1458, 2000 WL 1376510. The majority opinion has given new meaning to a ringing of the bell.

{¶ 39} In this case, appellants will be afforded a meaningful or effective remedy by an appeal following final judgment. Unlike the cases cited, which held that the appealing parties would not be afforded a meaningful remedy if a trade secret were disclosed, if an order compelling a person to receive psychotropic medication were upheld, or if an attorney-client privilege were breached, appellants here argue that they will not be afforded a meaningful remedy on appeal because they will be forced to spend funds. Quite simply, appellants' rationale does not approach the rule of law developed by this court's earlier cases.

{¶ 40} The majority reasons that the General Assembly's purpose for the prima facie requirement is to "reduce litigation costs and thereby preserve the re-sources of asbestos defendants so that more injured plaintiffs can be made

whole." While I agree with the majority's recognition of the General Assembly's intent, I do not agree that such an intent warrants a retreat from this court's established precedent. The General Assembly's decision to establish a prima facie requirement in an asbestos claim will expedite the resolution of claims brought by sick claimants and help to preserve resources for those who are currently suffering. These benefits will not be eliminated if the trial court's order is not appealable. Rather, the prima facie requirement will help to limit the number of asbestos cases filed in Ohio.

{¶ 41} Because appellants cannot meet the requirements of R.C. 2505.02(B)(4)(b), I would affirm the court of appeals' decision to dismiss appellants' appeal as premature.

PFEIFER, J., concurs in the foregoing opinion.

———————

Brent Coon & Associates, Christopher J. Hickey, and Mary Brigid Sweeney, for appellees.

Tucker, Ellis & West, L.L.P., Susan M. Audey, Irene C. Keyse–Walker, Christopher J. Caryl, and Jeffrey A. Healy, for appellants American Optical Corporation and Pneumo Abex L.L.C.

Oldham & Dowling and Reginald S. Kramer, for appellant CBS Corporation.