[Cite as *Swift Transp. Co., Inc. v. Williams*, 2018-Ohio-718.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Swift Transportation Co., Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-555 |
| v. | : | (C.P.C. No. 16CV-12267) |
| Alvon Williams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 27, 2018

**On brief:** *Buckingham, Doolittle & Burroughs*, and *William W. Emley, Sr.*, for appellee.

**On brief:** *Alvon Williams*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Alvon Williams, appeals from a judgment of the Franklin County Court of Common Pleas granting plaintiff-appellee, Swift Transportation Co., Inc., summary judgment. Because Swift has failed to establish that there are no material issues of fact and that it is entitled to judgment as a matter of law, we reverse.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} On August 26, 2014, Williams and Swift entered into an "Enrollment Contract/Driving Academy" ("contract"). The contract required Swift to provide truck driving training in exchange for Williams' promise to pay specified tuition and lodging costs. Williams began his course of training with Swift on March 30, 2015, and completed

his training on April 23, 2015.  Williams received his commercial driver's license on June 11, 2015.  Williams began his employment as a truck driver on June 18, 2015, and terminated that employment on July 31, 2015.  Williams has not paid the amount specified in the contract.[1]

{¶ 3}  On June 30, 2016, Swift filed a complaint against Williams alleging that Williams "is in default of the payments required under said contract and there is due and owing to [Swift] the sum of $4,400."  (Dec. 30, 2016 Compl. at ¶ 2.)  On February 14, 2017, Swift filed a motion for default due to Williams' failure to timely respond to the complaint.  Shortly thereafter, Williams, appearing pro se, filed an untitled document requesting that the trial court not grant default judgment against him.  On March 27, 2017, Williams filed a letter again requesting the trial court to deny default judgment to Swift.

{¶ 4}  Thereafter, Swift served on Williams requests for admissions.  Williams did not timely submit responses to the requests for admissions.  On May 31, 2017, Swift filed a motion for summary judgment arguing that there were no issues of material fact and that it was entitled to judgment as a matter of law based principally upon Williams' failure to timely respond to Swift's requests for admissions, which by rule were deemed admitted.  Swift also attached the affidavit of Lisa Summers, a client services representative for Partner Financial Services.  Summers states that she "is in possession of the business records of the company as they relate to an account with Williams."  Summers states:

1.  That said note is in default according to its terms;

2.  That the Defendant, has failed to make all payments required in the terms of said note in a timely fashion;

3.  That the company, as a result of the default of the Defendant, has accelerated the terms of the note and demanded the entire balance;

4.  That there is owing the sum of $4,400.00 plus costs and interest at the rate of 3% per annum from the date of Judgment and that said amount remains unpaid.

(Summers' Aff.)

---

[1] Swift's request for admissions Nos. 4 through 8 deemed admitted.

{¶ 5}   On June 5, 2017, Williams filed various documents including a motion to dismiss and purported answers to Swift's requests for admissions.  Swift moved to strike these documents.

{¶ 6}   In a judgment entry dated June 30, 2017, the trial court denied Swift's motion for default judgment, granted Swift's motion to strike, and granted Swift's motion for summary judgment.

{¶ 7}   Williams has appealed the trial court's grant of summary judgment. Although Williams' brief does not specifically set forth a designated assignment of error, we interpret his argument as essentially alleging that the trial court erred when it granted summary judgment to Swift.

**LEGAL ANALYSIS**

{¶ 8}   A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that:  (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo.  *Hudson* at ¶ 29.  This means that an appellate court conducts an independent review, without deference to the trial court's determination.  *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations.  *Id.*  Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*  If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for

trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

{¶ 10} Even though Williams did not timely respond to Swift's motion for summary judgment, Swift is entitled to summary judgment only if it has met its burden under Civ.R. 56. Therefore, Swift is entitled to summary judgment:

> if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C).

{¶ 11} Here, the question presented is whether Swift has demonstrated in its motion for summary judgment and supporting Civ.R. 56(C) evidence, that there are no material issues of fact and that it is entitled to judgment as a matter of law. For the following reasons, Swift has not satisfied its burden under Civ.R. 56.

{¶ 12} To establish a cause of action for breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach. *Lucarell v. Nationwide Mut. Ins. Co.*, ___ Ohio St.3d ___, 2018-Ohio-15, ¶ 41; *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, ¶ 18 (10th Dist.). A defendant breaches a contract when he fails, without legal excuse, to perform a promise that forms the whole or part of the contract. *Natl. City Bank v. Erskine & Sons, Inc.*, 158 Ohio St. 450 (1953), paragraph one of the syllabus; *accord Jarupan* at ¶ 18, quoting *Little Eagle Properties v. Ryan*, 10th Dist. No. 03AP-923, 2004-Ohio-3830, ¶ 15 (in order to prove a breach by the defendant, a plaintiff must show that the defendant "did not perform one or more of the terms of the contract").

{¶ 13} Swift argues it is entitled to summary judgment based upon Williams' admissions and the affidavit of Lisa Summers. However, this evidence fails to establish that Swift is entitled to judgment as a matter of law.

{¶ 14} Williams' admissions establish that: (1) Williams signed the contract dated August 26, 2014 that is attached to Swift's complaint; (2) Williams has not paid the $4,400 set forth in the contract; (3) Williams entered the Memphis Academy March 30, 2015 and completed his training April 23, 2015; (4) Williams received his commercial driver's license on June 11, 2015; and (5) Williams began his employment as a truck driver June 18, 2015 and terminated that employment on July 31, 2015. Notably, there is no admission that Swift fulfilled its obligations under the contract or that the $4,400 Williams has not paid is currently due and owing. Therefore, based upon the admissions, Swift has not established its compliance with the contract terms or that Williams has breached the contract.

{¶ 15} Nor does the affidavit of Lisa Summers, taken alone or in conjunction with the admissions, establish that Swift is entitled to judgment as a matter of law. Summers' affidavit references a "note" and alleges that Williams "has failed to make all payments required in the terms of said note in a timely fashion." The "note" referenced in Summers' affidavit is unidentified and not attached. Nor is a note referenced or attached to any of the pleadings. Moreover, Summers' affidavit does not reference the contract which is the basis for the claim set forth in the complaint.

{¶ 16} There is simply no evidence that Swift performed its obligation under the contract or that Williams has breached the contract. For these reasons, Swift has not established that it is entitled to judgment as a matter of law. Therefore, we reverse the judgment of the Franklin County Court of Common Pleas, and remand the case for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

BROWN, P.J., and HORTON, J., concur.

_____