[Cite as *Friedman v. Ebner Properties*, 2023-Ohio-4398.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert Friedman, | : | |
| Plaintiff-Appellant, | : | No. 23AP-179 |
| | | (C.P.C. No. 21CV-6720 ) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ebner Properties et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 5, 2023

**On brief:**. *Robert Friedman*, pro se.

**On brief:** *Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., Paul W. Leithart, II*, and *Loni R. Sammons*, for appellees. **Argued:** *Paul W. Leithart, II*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Robert Friedman, appeals a judgment of the Franklin County Court of Common Pleas that granted summary judgment to defendants-appellees, Ebner Properties and Mark Ebner. For the following reasons, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 22, 2021, Friedman filed a complaint against Ebner Properties and Ebner. In the complaint, Friedman alleged that he walked into Ebner Properties' main office on October 1, 2021 and told a woman sitting at a desk that he had Tourette Syndrome. The woman informed him that Ebner Properties would not rent an apartment to him due to his disability. Friedman claimed that a friend named "Jenniffer" overheard this conversation through Friedman's phone. (Compl. at 1.)

{¶ 3}  Friedman also stated in his complaint that he had previously applied to rent an apartment from Ebner Properties "about 7 months" before, but Ebner Properties rejected his application.  (Compl. at 1.)  According to Friedman, Ebner told a "rabbi who is [Friedman's] friend" that he did not want to rent to Friedman based on Friedman's disability because "he did not want to go through the mental anguish of having to evict a person with" Tourette Syndrome.  (Compl. at 1-2.)  The complaint then stated that Friedman was "suing for 1/2 million dollars for intentional infliction of emotional distress because Mark Ebner[] and Ebner Properties knew that it was illegal to do that in violation of the fair housing act."  (Compl. at 2.)

{¶ 4}  On September 30, 2022, defendants moved for summary judgment. Interpreting Friedman's complaint broadly, defendants acknowledged that Friedman had asserted claims under the Fair Housing Act and R.C. 4112.02(H), as well as a claim for intentional infliction of emotional distress.  Defendants sought judgment in their favor on all these claims.

{¶ 5}  Defendants attached to their motion the affidavits of two Ebner Properties' employees, Kelley McConnell and Ebner.  Both McConnell and Ebner stated that Ebner Properties does not deny rental applications because of an applicant's physical or mental disability.  Furthermore, Ebner testified he "would never personally tell an applicant or other individual that they would not be approved to rent from Ebner Properties because of their physical or mental disability."  (Ebner Aff. at ¶ 26.)

{¶ 6}  Friedman opposed defendants' motion for summary judgment.  However, in doing so, he neither submitted nor referred to any Civ.R. 56(C) evidentiary materials.

{¶ 7}  On March 1, 2023, the trial court issued a judgment granting defendants' motion for summary judgment.

## II.  ASSIGNMENT OF ERROR

{¶ 8}  Friedman now appeals the March 1, 2023 judgment and assigns the following error:

> The trial court erred and abused its discretion in dissming my case against ebner properties because they said that grantd summary judgment to the defendant saying that no genuine issue of material fact exists that it clearly was housing discrimination in violation of title 8 of the fair housing act, and the OHIO revised code section 4112.02 and Title I of the ADA because there is direct evidence of housing discrimination

which leads to intentional infliction of emotional distress because I have Jennifer Carrington as a witness that heard them say they refused to rent me based on my disability (touret syndrome) and previously Rabbi Weingarten spoke to Mark Ebner on the phone after they already showed me my apartment where I would be living, and once Ebner found out that I had touret syndrome he said I do not want to rent to anyone with touret syndrome because we do not want to deal with having anyone with the mental anguish just in case we have to evict a person with touret syndrome, and also the trial court.

(Sic Passim.)

## III.  STANDARD OF REVIEW

{¶ 9}    A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party.  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo.  *Hudson* at ¶ 29.  This means that an appellate court conducts an independent review, without deference to the trial court's determination.  *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations.  *Id.*  Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*  If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.

Civ.R. 56(E); *Dresher* at 293.  If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party.  *Dresher* at 293.

## IV.  LEGAL ANALYSIS

{¶ 11} Congress amended the Fair Housing Act in 1988 to prohibit housing discrimination against people with disabilities. *See* Fair Housing Amendments Act of 1988, Pub.L. No. 100-430, 102 Stat. 1619.  R.C. 4112.02(H) prohibits the same sort of discrimination through substantially similar provisions. When reviewing housing discrimination claims asserted under both the Fair Housing Act and R.C. 4112.02(H), Ohio courts consider federal case law interpreting the Fair Housing Act sections that are analogous to the provisions contained in R.C. 4112.02(H). *Reid v. Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 42; *Carter v. Russo Realtors*, 10th Dist. No. 00AP-797 (May 22, 2001).

{¶ 12} Here, although Friedman contended in his complaint that defendants violated the Fair Housing Act, he did not specify which specific sections defendants violated.  The factual allegations in Friedman's complaint conceivably set forth violations of: (1) 42 U.S.C. 3604(c) and R.C. 4112.02(H)(7), and (2) 42 U.S.C. 3604(f)(1) and R.C. 4112.02(H)(15).  We will consider each set of analogous statutory sections in turn.

{¶ 13} Pursuant to 42 U.S.C. 3604(c), it is unlawful "[t]o make * * * any * * * statement * * * with respect to the * * * rental of a dwelling that indicates any preference, limitation, or discrimination based on * * * handicap * * *, or an intention to make any such preference, limitation, or discrimination."  Similarly, under R.C. 4112.02(H)(7), it is an unlawful practice to "make * * * any statement * * * relating to the * * * rental * * * of any housing accommodations * * * that indicates any preference, limitation, specification, or discrimination based upon * * * disability, * * * or an intention to make any such preference, limitation, specification, or discrimination."

{¶ 14} To establish a discriminatory statement claim under 42 U.S.C. 3604(c), a plaintiff must prove that the defendant made a statement, the statement was made with respect to the rental of a dwelling, and the statement indicated a preference, limitation, or discrimination based on handicap.  *Corey v. Secy., United States Dept. of Hous. & Urban Dev.*, 719 F.3d 322, 326 (4th Cir.2013); *Fair Hous. Resources Ctr., Inc. v. Djm's 4 Reasons Ltd.*, 499 Fed.Appx. 414, 415 (6th Cir.2012); *V.T. Larney Ltd. v. Ohio Civ. Rights Comm.*, 11th Dist. No. 2022-T-0112, 2023-Ohio-3123, ¶ 57.  The plaintiff may meet the third

element in one of two ways: by proof the defendant made the statement with the actual intent to discriminate, if proof of actual intent exists, or by proof that an "ordinary listener" would interpret the statement as indicating a preference, limitation, or discrimination based on handicap. *Fair Hous. Resources Ctr., Inc.* at 415; *V.T. Larney Ltd.* at ¶ 57.

{¶ 15} Here, Friedman alleged in his complaint two statements that appear to fit the criteria of 42 U.S.C. 3604(c): (1) a woman sitting at a desk in Ebner Properties' main office told him that Ebner Properties would not rent an apartment to him because he had Tourette Syndrome, and (2) Ebner stated to Friedman's rabbi that Ebner would not rent an apartment to Friedman because he did not want to go through the mental anguish of evicting a person with Tourette Syndrome. On summary judgment, however, defendants presented evidence that neither statement occurred. First, McConnell and Ebner stated in their affidavits that Ebner Properties does not reject rental applications due to an applicant's physical or mental disability. Second, Ebner averred that he would never say that he would not approve a rental application because of an applicant's physical or mental disability.

{¶ 16} Based on the evidence defendants presented, we conclude defendants met their burden on summary judgment to demonstrate the absence of a material issue of genuine fact on plaintiff's discriminatory statement claim. Consequently, the burden shifted to Friedman to set forth specific facts showing a genuine issue for trial. *See Dresher* at 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations in the complaint but must respond with specific facts showing there is a genuine issue of material fact. Civ.R. 56(E); *Goldberg v. Mittman*, 10th Dist. No. 07AP-304, 2007-Ohio-6599, ¶ 19. If the non-moving party fails to respond with Civ.R. 56(C) evidence supporting the essential elements of the claim, the court must grant summary judgment. *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 29; *Cook v. Wilson*, 165 Ohio App.3d 202, 2006-Ohio-234, ¶ 23 (10th Dist.). Civ.R. 56(C) evidence includes "depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶ 17} Although Friedman filed a memorandum in opposition to defendants' motion for summary judgment, he neither attached nor pointed to any Civ.R. 56(C) evidence substantiating the statements allegedly made by a supposed Ebner Properties'

employee and Ebner. In the absence of this evidence, the trial court properly granted defendants summary judgment on Friedman's claim for violation of 42 U.S.C. 3604(c) and R.C. 4112.07(H)(7).

{¶ 18} The Fair Housing Act also makes it unlawful "[t]o discriminate in the * * * rental, or to otherwise make unavailable or deny, a dwelling to any * * * renter because of a handicap of * * * that * * * renter." 42 U.S.C. 3604(f)(1)(A). Similarly, under R.C. 4112.02(H)(15)(a), it is unlawful to "[d]iscriminate in the * * * rental of, or otherwise make unavailable or deny, housing accommodations to any * * * renter because of a disability of * * * [t]he * * * renter."

{¶ 19} A plaintiff can establish a claim of intentional discrimination under 42 U.S.C. 3604(f) through either direct evidence of discriminatory intent or circumstantial evidence using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Quality of Life*, *Corp. v. Margate*, 805 Fed.Appx. 762, 767 (11th Cir.2020); *HDC*, *L.L.C. v. Ann Arbor*, 675 F.3d 608, 612 (6th Cir.2012); *Carter*. "Direct evidence is 'proof which speaks directly to the issue, requiring no support by other evidence.' " (Further quotations omitted.) *Chapa v. Genpak*, *L.L.C.*, 10th Dist. No. 12AP-466, 2014-Ohio-897, ¶ 89, quoting *Carter*. Direct evidence of discrimination is unambiguous proof that establishes the existence of discriminatory animus without requiring any inferences. *Choices in Community Living*, *Inc. v. Petkus*, 517 Fed.Appx. 501, 505 (6th Cir.2013), fn. 3.

{¶ 20} Friedman contends the two statements alleged in his complaint are direct evidence of discriminatory intent. Friedman, however, did not prove these statements using Civ.R. 56(C) evidence. Instead, the record evidence establishes Ebner Properties does not deny rental applications based on an applicant's physical or mental disability. Moreover, in his affidavit, Ebner denied ever saying he would not approve a rental application due to an applicant's physical or mental disability. Once defendants presented this evidence, the burden shifted to Friedman to prove the statements he alleges directly demonstrate defendants' discriminatory intent with Civ.R. 56(C) evidence. Because he did not adduce any Civ.R. 56(C) evidence of the alleged statements, Friedman did not create a genuine issue of material fact using direct evidence of discriminatory intent.

{¶ 21} Our analysis is not over. As we stated above, absent direct evidence, Friedman can prove intentional discrimination through circumstantial evidence. Under the *McDonnell Douglas* burden-shifting framework, the plaintiff bears the initial burden of

establishing a prima facie case of housing discrimination. *Petkus* at 505; *Carter*. To do that, the plaintiff must show that: (1) the plaintiff is a member of a protected class, (2) the plaintiff applied for and was qualified to rent or purchase certain property or housing, (3) the plaintiff was rejected, and (4) the housing or rental property remained available. *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir.1996). If the plaintiff establishes a prima facie case, then the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the action taken. *Petkus* at 505; *Carter*. If the defendant produces a legitimate, non-discriminatory reason, then the plaintiff must present sufficient evidence from which a reasonable fact finder could determine that the proffered reason is a pretext for discrimination. *Petkus* at 505; *Carter*.

{¶ 22} In this case, assuming Friedman established a prima facie case, defendants proffered a legitimate, non-discriminatory reason for rejecting Friedman as a tenant. Both McConnell and Ebner stated in their affidavits that "[b]ased on [Friedman's] history of causing property damage to units, failing to complete the full term of multiple leases, being asked to leave properties, and being the subject of eviction proceedings, [Friedman] would not have been qualified to lease an apartment from Ebner Properties." (McConnell Aff. at ¶ 25; Ebner Aff. at ¶ 25.) The burden then shifted to Friedman to produce evidence that this reason for rejecting him as a tenant was a pretext for discrimination. Yet, Friedman neither offered nor directed the trial court to any Civ.R. 56(C) evidence to establish pretext. The trial court, therefore, properly determined that no material issue of fact precluded summary judgment in defendants' favor.

{¶ 23} In sum, Friedman's failure to oppose defendants' summary judgment motion with Civ.R. 56(C) evidence proved fatal to his intentional discrimination claim. The trial court thus properly granted summary judgment on the claim for violation of 42 U.S.C. 3604(f)(1) and R.C. 4112.02(H)(15).

{¶ 24} Next, we address Friedman's claim for intentional infliction of emotional distress. Liability for intentional infliction of emotional distress arises when a person's "extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another." *Yeager v. Local Union 20*, 6 Ohio St.3d 369 (1983), syllabus. Friedman contended that defendants' violation of federal and state law prohibiting housing discrimination constituted the extreme and outrageous conduct necessary to demonstrate a claim for intentional infliction of emotional distress. However, as Friedman's claims for

housing discrimination did not survive summary judgment, he cannot demonstrate any extreme and outrageous conduct. The trial court, therefore, did not err in granting defendants summary judgment on Friedman's claim for intentional infliction of emotional distress.

{¶ 25} As a final matter, we must address Friedman's contention on appeal that defendants violated Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. ("ADA"). Friedman did not assert a claim for violation of the ADA in his complaint, and he never even mentioned the ADA in the trial court. Friedman, therefore, has waived the right to raise any argument based on the ADA in this court. *See West v. Bode*, 162 Ohio St.3d 293, 2020-Ohio-5473, ¶ 43 ("It is well settled that a party who fails to raise an argument in the court below waives or forfeits the right to raise it [in an appellate court].").

{¶ 26} Furthermore, even on its merits, Friedman's belated attempt to add a new claim is unsuccessful. Title I of the ADA is inapplicable to this case because Title I prohibits discrimination in employment, not housing. *See Equal Emp. Opportunity Comm. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1195 (10th Cir.2003) ("Title I of the ADA prohibits employment discrimination on the basis of disability."); *Bowers v. Natl. Collegiate Athletic Assn.*, 346 F.3d 402, 429 (3d Cir.2003) ("Title I of the ADA * * * prohibit[s] discrimination in employment.").

{¶ 27} In conclusion, we determine the trial court did not err in granting defendants summary judgment. Accordingly, we overrule Friedman's assignment of error.

## V. CONCLUSION

{¶ 28} For the foregoing reasons, we overrule Friedman's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

————————————